# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

CHRISTOPHER GRIFFIN

      Plaintiff,

                                      **JURY TRIAL DEMANDED**

v.

KELLY INSULATION, INC., a
Florida corporation, and
LEONARD AJR OLIVIERI,
an individual

Defendants.

_____/

### COMPLAINT FOR DAMAGES

      Plaintiff, CHRISTOPHER GRIFFIN, (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, KELLY INSULATION, INC. (hereinafter "Kelly Insulation"), a Florida corporation, and LEONARD AJR OLIVIERI, an individual, (hereinafter referred to as "Defendants"), and states as follows:

### INTRODUCTION

      1.  This is an action to recover unpaid overtime compensation wages, an additional equal amount as liquidated damages, retaliation damages, and reasonable attorney's fees and costs under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

### JURISDICTION

2.  The jurisdiction of the Court over this controversy is based upon 29 U. S.C. §216(b).

3.  At all times pertinent to this Complaint, Defendant Kelly Insulation was an enterprise which regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4.  Defendant Kelly Insulation  has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

5.  Defendant Kelly Insulation's business consists of the provision of insulation installation services.

6.  At all times material hereto, Leonard AJR Olivieri, owned, managed and/or operated Kelly Insulation and/or regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Kelly Insulation.  By virtue of such control and authority, Leonard AJR Olivieri was an employer of Plaintiff as such is defined by the FLSA. 29 U.S.C. §203(d).

7.  Upon information and belief, the corporate Defendant has the requisite $500,000 in annual gross volume of sales made or business done for each year of liability.

8.  Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during his employment with Defendants.

9.  However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff.

10. The records, if any, concerning the hours worked by Plaintiff are in the possession and custody of Defendants.

11. The records concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

12. This Court has jurisdiction over the parties and the subject matter of this litigation.

13. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

14. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## **VENUE**

15. The venue of this Court over this controversy is based upon the following:

  a.   The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida, and

  b.   Defendant was and continues to be a company doing business within this judicial circuit.

## **PARTIES AND FACTS**

16. At all times material hereto, Plaintiff, was and continues to be a resident of Broward County, Florida and was an employee  of the Defendants within the meaning of the FLSA.

17. At all times material hereto, the corporate Defendant Kelly Insulation was conducting business in Broward County, Florida, with its principal place of business at 5340 W SR 84, Bay 9, Davie, Florida 33314.

18. At all times material thereto, Defendant Leonard AJR Olivieri was involved in the day-to-day operation of the Defendant.

19. At all times material thereto, Defendant Leonard AJR Olivieri supervised the work of the Plaintiff and is therefore personally liable for the FLSA violations.

20. At all times material hereto, Defendant Leonard AJR Olivieri made decisions directly involving the hours worked and/or compensation paid to the Plaintiff.

21. Defendant Kelly Insulation is a Florida corporation.

22. At all times material hereto, the Defendants were the employers of Plaintiff.

23. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

24. At all times material hereto, the Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

25. The Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

26. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) hours per week.

27. At all times material hereto, corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

28. At all times material hereto, the work performed by Plaintiff was directly essential to the business run by Defendants.

29. Plaintiff Christopher Griffin has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

30. From or about July 2014 until February/March 2017, Plaintiff was employed by the Defendants as an insulation installer. His primary duties consisted in the technical application of insulation installation for Kelly Insulation. During Plaintiff's employment, he was not paid for some or all of the overtime hours that he worked.

31. Plaintiff is entitled to ("overtime compensation") at the rate of not less than one and one half times the regular rate at which he was employed.

32. Plaintiff was paid an hourly wage of $10 per hour as his regular rate of pay.

33. Records concerning the number of hours worked each week by Plaintiff and the actual weekly compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

34. On or about February/March 2016 Plaintiff was terminated from his position as a result of his complaints to his employers about not being paid overtime.

35. Plaintiff has retained the Law Office of Rose H. Robbins, J.D. to represent him in this litigation and has agreed to pay the firm reasonable attorney's fees and costs for its services.

## STATEMENT OF CLAIMS:

## COUNT I

## VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)

## AGAINST DEFENDANTS KELLY INSULATION, INC. AND

## LEONARD AJR OLIVIERI

36.  Plaintiff repeats and realleges Paragraphs 1 through 35 as if fully set forth herein.

37. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

38.  During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

39. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours (40 hours) provided for in the FLSA.

40. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff for his hours worked in excess of forty hours per week.

41. By failing to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants

have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1) and § 215(a).

42. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 211(c) and § 215(a).

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47. Defendants knowingly and willfully failed to pay Plaintiff one and one half of his regular rate of pay for all hours worked in excess of Forty (40) per week.

48. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus incurred costs and reasonable attorneys' fees.

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

7

49. Due to the unlawful acts of the Defendants, Plaintiff has suffered damages of unpaid overtime wages in the amount not presently ascertainable, plus an equal amount as liquidated damages.

50. Plaintiff is entitled to an award of his reasonable attorney's fees and costs of action pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CHRISTOPHER GRIFFIN respectfully requests that judgment be entered in his favor against the Defendants

a.   Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b.   Awarding Plaintiff overtime compensation in the amount calculated;

e.   Awarding Plaintiff liquidated damages in the amount calculated;

d.   Awarding Plaintiff's damages for three (3) years from the commencement of the lawsuit;

e.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.   Awarding Plaintiff post-judgment interest; and

g.   Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE)

## AGAINST DEFENDANTS KELLY INSULATION, INC. AND

## LEONARD AJR OLIVIERI

51. Plaintiff repeats and realleges Paragraphs 1 through 35 as if fully set forth herein.

52. At all times relevant, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed Plaintiff. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.

53. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

54. At all relevant times, Defendants, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff for his hours worked in excess of forty hours per week.

55. By failing to compensate Plaintiff at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 207(a)(1) and § 215(a).

56. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. § 211(c) and § 215(a).

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Defendants owe the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

59. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

60. On several occasions, Plaintiff complained to his employer that he was not being paid overtime.

61. On or about February/March, 2016, Plaintiff was informed by Defendant to, "Go home and don't come back."

62. There is a direct causal relationship between Plaintiff having informing Defendants of his overtime claim against them and the abrupt termination of his services shortly thereafter.

63. The motivating factor which caused Plaintiff's discharge as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff would not have been discharged but for his complaint to Defendants for overtime wages.

64. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants

     a.     Declaring that the Defendants violated the retaliation provisions of 29 U.S.C.

          §215(a)(3);

b.   Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

d.   Awarding Plaintiff liquidated damages in the amount calculated;

e.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f.   Awarding Plaintiff post-judgment interest; and

g.   Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated this 28th day of February, 2017.

Respectfully submitted,

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Phone: (954) 946-8130
Fax: (954) 301-2200
robbinslawoffice@icloud.com
Attorney for Plaintiff

By:   s/Rose H. Robbins, J.D.
      ROSE H. ROBBINS
      FBN: 694568

LAW OFFICE OF ROSE H. ROBBINS, J.D.
2255 Glades Rd., #324A ● Boca Raton, FL 33431 ● Phone (954) 946-8130● Fax (954) 301-2200

11